UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>                        Plaintiff,<br><br>v.<br><br>S&R TOWING, INC., et al.,<br><br>                        Defendants. | Case No.: 25cv1146-LL-BJW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 6]** |

Plaintiff Jerome L. Grimes, acting pro se, sued Defendants S&R Towing, Inc. Fallbrook, CA – Facility and S&R Towing, Inc. Carlsbad, CA – Facility. ECF No. 4. Defendants moved to dismiss that complaint for failure to state a claim upon which relief can be granted. ECF No. 6. The matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss.

I.      **LEGAL STANDARD**

Parties may move to dismiss a claim for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6); *see also Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003) (requiring Rule 12(b)(6) to "be read in conjunction with Rule 8," which requires a short and plain statement showing that the pleader is entitled to relief). To survive this motion, a complaint must have "enough facts to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," courts are not required to accept as true "allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

This standard is ultimately a "liberal" one, especially when the action has been filed "pro se." *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976). Still, even under a "liberal interpretation," courts "may not supply elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   DISCUSSION

The operative complaint has claims for Defendants' alleged violations under: (1) retaliation [due to disability], 48 U.S.C. § 12203; (2) [mail] fraud, 18 U.S.C. § 1341; and (3) invasion of privacy using illegal technology terror intent, 5 U.S.C. § 552(a). *See* ECF No. 4.

As best the Court can tell from this 60-page complaint, Plaintiff alleges that Defendants, acting by and through numerous "co-shills," devised a ruse to tow his 2018 Nissan Kicks SUV on September 20, 2021, in furtherance of its alleged criminal conspiracy and enterprise. *See generally id*. These alleged criminal acts include attempts to: (1) swap the Nissan transmission with a remote-controlled transmission, which Defendants could then activate to "covertly" create a malfunction while Plaintiff was driving on the freeway, with the intent to cause him bodily harm; (2) intimidate and retaliate against Plaintiff for his "Whistle Blowing," which evidently exposed Defendants' 2019 plot to murder his aunt, then "destroy" her corpse by "illegal cremation;" (3) place a "chloroform/ricin/cyanide boiler maker dirty bomb injection" into the Nissan interior; (4) conspire with Western Dental employees to place "Illegal Telephone-Tooth [sic] Technology" in his mouth that would "leak cianide [sic];" and (5) prevent Plaintiff from exercising his "civic duty and constitutional rights" by restricting his ability to travel to the Pacific Palisades

neighborhood in Los Angeles, where he planned to "legally intimidate home invaders" with whom Defendants were apparently conspiring to organize a series of arson attacks, and who were planning to travel to Former Speaker of the United States House of Representatives, Ms. Nancy Pelosi, and her husband, Mr. Paul Pelosi's home in San Francisco, utilizing 800-mile long "terror tunnels" that run under their property. *See id*.

For additional context, Defendants state that this matter arises from Plaintiff's arrest on September 20, 2021. *See generally* ECF No. 6. On that day, Defendants state that the Carlsbad Police Department received reports of a suspicious vehicle at Tamarack Avenue and Sunnyhill Drive in Carlsbad, CA. *Id*. at 3. When police responded, they encountered Plaintiff, who they determined had a warrant for his arrest. *Id*. Plaintiff was subsequently taken into custody. *Id*. Following his arrest, the Carlsbad Police Department impounded Plaintiff's vehicle, and requested that Defendants tow the vehicle to its yard. *Id*.

Defendants argue that based on these facts Plaintiff filed a complaint that launches into a frenetic regurgitation of dozens of conspiracy theories, which are encompassed by an overarching claim that Defendants are the leaders of a vast criminal enterprise whose sole purpose is to seek revenge against Plaintiff for his purported "Whistle Blowing" against Defendants and its co-conspirators. *Id*. Ultimately, Defendants argue that the complaint does not set forth sufficient facts to maintain any claims of retaliation, fraud, or invasion of privacy using illegal technology terror intent under 48 U.S.C. § 12203, 18 U.S.C. § 1341, and 5 U.S.C. § 552(a), respectively. *Id*.

Without relying on the additional context that Defendants allege, the Court agrees with Defendants that Plaintiff has failed to plead enough facts to maintain any of his three enumerated causes of action. Complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1); *see Ileto*, 349 F.3d at 1199–1200 (requiring Rule 12(b)(6) to "be read in conjunction with Rule 8"). Plaintiff's complaint is neither simple, concise, nor direct. Instead, it is replete with repetitive conclusory allegations of wrongdoing, verbose excerpts from sources, and protracted digressions that

appear to have little bearing on any legal claims Plaintiff may be asserting. The Court therefore finds that Plaintiff has not complied with Rule 8's requirement to provide a short and plain statement of the claim showing that the pleader is entitled to relief with allegations that are simple, concise, and direct. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (collecting cases upholding dismissals of complaints that were "verbose," "confusing," "ambiguous," "unintelligible," "rambling," "conclusory," and "highly repetitious"); *Bourke v. City of San Diego*, No. 14-cv-1047-BAS-RBB, 2015 WL 687092, at *3 (S.D. Cal. Feb, 18, 2015) (dismissing the 33-page complaint under Rule 8 because it was "riddled with ambiguous allegations that are confusing, redundant, and oftentimes seemingly irrelevant").

Even if Plaintiff's complaint was partly intelligible, there are not enough well-pled, non-conclusory allegations to suggest a plausible claim for any of his three enumerated causes of action. For one, Plaintiff does not claim that he ever identified himself as disabled, that he was requesting an accommodation for himself due to a disability, that Defendants referenced or even knew about his disability, that Defendants knew he was disabled or would need an accommodation for a disability, or that Defendant is a private entity that owns, leases, or operates a place of public accommodation. Therefore, the Court cannot plausibly infer that Defendant retaliated against Plaintiff on account of his disability. Next, Plaintiff's second claim for mail fraud is under 18 U.S.C. § 1341, a federal criminal statute, which does not provide a private right of action. *See Ross v. Orange Cnty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (recognizing that there is "no separate private right of action for mail fraud under 18 U.S.C. § 1341"). Finally, for his third claim under 5 U.S.C. § 552(a), the Freedom of Information Act, this applies to federal agencies and entities over which the federal government exercises substantial control or supervision. Plaintiff never alleges that he is seeking disclosure of records held by federal agencies, that Defendant is a "federal agency" for purposes of the Act, nor does Plaintiff make any attempt to tie this into "invasion of privacy using illegal technology terror intent," which does not exist in the U.S. Code.

### III. CONCLUSION

Accordingly, the Court **GRANTS** the Motion to Dismiss the complaint for failure to state a claim. Since Plaintiff is pro se and this is the Court's first substantive order on his complaint, it will grant him one chance to amend. By **December 18, 2025**, Plaintiff must file any amended complaint. If Plaintiff fails to do so by that date, the Court may enter a final order dismissing this case, based both on failure to state a claim and failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Finally, Plaintiff's handwritten motions purportedly seeking a 30-day extension to respond to any judicial notice or defensive pleading (even though Plaintiff already opposed Defendants' Motion to Dismiss), 3 blank subpoenas stamped with the U.S. Clerk of Court's Seal, and copies of ECF Nos. 6 and 9 (which were already mailed to Plaintiff), are all **DENIED AS MOOT**. ECF Nos. 10, 11, 14, 16.

**IT IS SO ORDERED.**

Dated:  November 18, 2025

_____
Honorable Linda Lopez
United States District Judge