UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>                                    Plaintiff,<br><br>v.<br><br>S&R TOWING, INC., et al.,<br><br>                                    Defendants. | Case No.:  3:25-cv-1146-LL-BJW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF Nos. 21, 22]** |

Before the Court are Defendant S&R Towing, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion" [ECF No. 22]) and Plaintiff Jerome Grimes' Motion for Summary Judgement [ECF No. 21]. Plaintiff did not file an opposition to the Motion.[1] The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons discussed in detail below,

---

[1] While a district court may properly grant an unopposed motion to dismiss (*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) *overruled on other grounds by, Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (affirming dismissal of pro se civil rights complaint for failure to oppose a motion to dismiss as required by local rule)), this Court will nevertheless decide the Motion on the merits.

the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment.

## I.      BACKGROUND

On November 18, 2025, this Court granted Defendant's motion to dismiss Plaintiff's first amended complaint for failure to state a claim and ordered Plaintiff to file an amended complaint by December 18, 2025.[2] ECF No. 18. Instead of filing an amended complaint, Plaintiff filed a motion for summary judgment on December 1, 2025. ECF No. 21. Then on December 5, 2025, Plaintiff filed a Second Amended Complaint ("SAC"). ECF No. 20.

In his SAC, Plaintiff alleges four causes of action for (1) fraud, (2) negligent supervision, (3) invasion of privacy with malicious intent, and (4) retaliation. ECF No. 20 at 1. Plaintiff claims that on October 22, 2021, Defendant towed Plaintiff's 2018 Kicks SUV and swapped Plaintiff's 2018 CVT transmission with a 2020 CVT transmission. *Id*. at 7. Plaintiff further alleges that on January 10, 2025, Defendant retaliated by stealing Plaintiff's confidential business plans and other private financial documents and information. *Id*. at 8–10.

On December 23, 2025, Defendant filed the instant Motion to Dismiss SAC, asserting that this Court no longer has subject matter jurisdiction over this matter and that Plaintiff has failed to state a claim for each cause of action.

/ / /

/ / /

/ / /

---

[2] In addition to the Court's Order granting motion to dismiss Plaintiff's first amended complaint, this Court has already dismissed factually similar, if not identical, lawsuits brought by Plaintiff in previous litigations against Defendants. *See, e.g., Grimes v. A1-Auto Care et al.*, No. 21-cv-2093-LL-BLM, 2022 WL 959273 (S.D. Cal. Mar. 30, 2022); *Grimes v. S + R Towing*, No. 22-cv-1033-LL-BLM, 2023 WL 2577199 (S.D. Cal. Mar. 3, 2023), *aff'd sub nom. Grimes v. SR Towing*, No. 23-55251, 2024 WL 4276105 (9th Cir. Sept. 24, 2024).

## II.    DISCUSSION

### A. Defendant's Motion to Dismiss SAC

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal subject matter jurisdiction exists in two ways: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists when "the suit 'arises under' federal law." *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025). Diversity jurisdiction exists when the suit is between "citizens of different [s]tates" and the "matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).

"Dismissal for lack of jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory Antitrust Litig. v. Micron Technology, Inc.*, 546 F.3d 981, 985 (9th Cir. 2008). "It is not a federal court's responsibility to search the record for federal questions; the responsibility belong[s] to the plaintiff." *Harris v. Sycuan Band of Diegueno Mission Indians*, No. 08CV2111WQH(AJB), 2009 WL 528799, at *2 (S.D. Cal. Mar. 2, 2009) (quotations omitted). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

First, Plaintiff has not asserted any causes of action under federal law.[3] Plaintiff alleges four causes of action: (1) fraud, (2) negligent supervision, (3) invasion of privacy

---

[3] The Court notes that Plaintiff did raise claims under federal law in his first amended complaint. *See* ECF No. 4. However, Plaintiff did not do so in his SAC, and the Ninth

3:25-cv-1146-LL-BJW

with malicious intent, and (4) retaliation, none of which arises under federal law. Thus, federal question jurisdiction does not exist here.

Second, Plaintiff has not established a diversity of citizenship. In analyzing diversity jurisdiction, a natural person's state citizenship is "determined by [his] state of domicile" (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)) and a corporation's citizenship is determined by "the place where it is incorporated" (*Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025)). Plaintiff does not state where he is domiciled but alleges that he is a prisoner at a correctional facility in Banning, California. ECF No. 20 at 1–2. Plaintiff also alleges that Defendants S&R Towing, Inc. (Carlsbad) and S&R Towing, Inc. (Fallbrook) are both incorporated in the State of California. *Id*. 2–3. Since both parties are citizens of California, diversity of citizenship does not exist here. Thus, this Court lacks subject matter jurisdiction over the SAC. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss.

**B. Plaintiff's Motion for Summary Judgment**

"As a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). As such, pending motions concerning the original complaint must be denied as moot. Here, Plaintiff moved for summary judgment on Plaintiff's first amended complaint on December 1, 2025. ECF No. 21. Four days later, Plaintiff filed his SAC [ECF No. 20], thereby making SAC the operative pleading and the first amended

---

Circuit has consistently ruled that "a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (collecting cases). Therefore, this Court will not interpret these causes of action as claims under federal law when Plaintiff has failed to allege them.

3:25-cv-1146-LL-BJW

complaint "non-existent" complaint. Accordingly, the Court **DENIES AS MOOT** Plaintiff's Motion for Summary Judgement.

### C. Leave to Amend

Lastly, the Court dismisses SAC without further leave to amend. The Court previously screened Plaintiff's first amended complaint and provided Plaintiff with an opportunity to cure its deficiencies. *See* ECF No. 18. The Court also instructed Plaintiff in detail on the applicable law and pleading requirements. *Id*. Despite affording Plaintiff an opportunity to correct the deficiencies in his amended complaint, the SAC not only fails state a plausible claim but also fails to properly invoke this Court's subject matter jurisdiction. Because there is no federal jurisdiction for Plaintiff's claims, this Court finds that any further amendment would be futile and dismisses the Second Amended Complaint without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

## III.   CONCLUSION

Accordingly, Defendant's Motion to Dismiss is **GRANTED** and this action is **DISMISSED WITH PREJUDICE.** Plaintiff's Motion for Summary Judgment is **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated:  July 15, 2026

_____

Honorable Linda Lopez
United States District Judge

Click here to enter a date.

3:25-cv-1146-LL-BJW